EMT

RECEIVED

DEC **2 7** 2013
12-27-2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

FILED

1/3/2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Sam Harmon,<br>Plaintiff, | ) |
| | ) |
| | ) Case No.13-cv-9135 |
| v | ) Judge: Zagel |
| | ) Mag. Judge Soat Brown |
| Dynamic Recovery Service Inc, | ) |
| | ) |
| | ) |
| John Does 1 thru 5, | ) Trial by Jury Demanded |
| Defendant(s). | ) |

## AMENDED COMPLAINT FOR VIOLATIONS OF FCRA, FDCPA AND TCPA

Plaintiff, Sam Harmon, sues Defendant, Dynamic Recovery Service Incorporated and Defendants John Does 1 thru 5 and for his complaint allege the following:

### INTRODUCTION

This lawsuit involves the willful, knowing, and/or negligent actions which includes; violation of the Fair Credit Reporting Act, (hereinafter "FCRA") 15 U.S.C. § 1681 et seq., which relates to obtaining a Plaintiff's consumer's credit report with an impermissible purpose, violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et seq., in violations of the Telephone Consumer Protection Act (hereinafter "TCPA") Sec. 227., 47 USC § 227 et seq., against Defendants in its attempt to collect an alleged but non-existing debt.

### Nature of the Action

1. This is a complaint for money damages.

2. This is an action for damages brought by an individual consumer arose due to Defendant's willful, knowing, and/or negligent violations of the FCRA 15 U.S.C. § 1681 et seq.,

3. This is an action for damages brought by an individual consumer arose due to Defendant's willful, knowing, and/or negligent violation of the FDCPA, 15 U.S.C. § 1692 et seq.

4. This is an action for damages brought by an individual consumer arose due to Defendant's willful, knowing, and negligent violations of the TCPA Sec. 227., 47 USC§227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5), wherein Defendant, knowingly, and/or willfully placed calls to Plaintiff's cellular telephone utilizing an Automatic Telephone Dialing System (ATDS) which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and dialed Plaintiff's cellular telephone number in violation of the TCPA.

5. Plaintiff contends that the Defendants violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but non-existing debt.

## JURISDICTION AND VENUE

6. This court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, 28 U.S.C. § 1337.

7. Venue in this county is proper in that the Plaintiff resides here, the Defendants transacts business here, and the conduct complained of occurred here in the Northern District of Illinois.

8. Venue is proper in Cook County, Illinois, because the acts giving rise to these causes of action took place within that county.

9. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c).

10. Venue is proper pursuant to 15 U.S.C. § 1681p.

11. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3) and 15 U.S.C. § 1692k.

12. Venue is proper in Cook County, Illinois, because Defendants intentionally reached into that county, availing itself of the protection of the laws of Illinois, and Defendant's acts in that county gave rise to the cause of action asserted herein.

13. There are violations of the FDCPA, 15 U.S.C. § 1692 et seq. by all Defendants via multiple invasions of Plaintiff, personal privacy by Defendants in their illegal efforts to collect alleged consumer debt purported to be owed by Plaintiff, hereafter "alleged account" as set forth below. Plaintiff seeks statutory, actual costs and any attorney's fees.

14. This Court has jurisdiction over Defendants pursuant to Illinois CAA Stat. § (225 ILCS 425/1)et seq. because Defendants caused injury to a person within this state, to wit, Plaintiff, while it was engaged in service activities, to wit, debt collection, within this state.

15. Defendants have violated the Telephone Consumer Protection Act (TCPA) Sec. 227., Defendants have violated the acts by calling the Plaintiff's cell phone.

16. Venue is proper in Cook County, Illinois, because the acts giving rise to the cause of action took place within that county. Particularly, the offending communications were all made and directed into that County.

17. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

18. All conditions precedent to the bringing of this action have been performed.


**PARTIES**

19. The Plaintiff in this lawsuit is Sam Harmon, (Plaintiff), a natural person, who resides in Cook County, Illinois and is a consumer as defined by 15 U.S.C. § 1692a(3).

20. The Defendant in this lawsuit is Dynamic Recovery Services, Inc., ("DRSI") an unknown entity with offices at 4202 McEwen RD Suite 150 Farmers Branch, TX. 75244 and maintains Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703 as its registered agent for service of process.

21. Defendant DRSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. Defendant DRSI uses instrumentality of interstate commerce or the mails in a business the principle purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

23. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

24. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

25. Defendant, DRSI, attempted to collect an alleged but non-existent "debt", as defined in 15 U.S.C. § 1692a(5).

26. Defendant DRSI is a "User of information" as defined by 15 U.S.C. § 1681m.

27. Does 1 thru 5 are individuals whose identities are currently unknown to Plaintiff. One or more of these individuals may be joined as parties once their identities are disclosed through discovery.

28. DRSI is engaged in the collection of debts from consumers using the mails and telephone, DRSI regularly attempt to collect consumer debts alleged to be due to another.

## TCPA INFORMATION RELEVANT TO THIS CASE

29. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and collection practices taking place over the telephone.

30. The TCPA regulates, among other things, the use of automated telephone dialing systems.

31. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

32. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

33. According to findings by the Federal Communications Commission (hereinafter "FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.[1]

34. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

## FACTUAL ALLEGATIONS

35. On or about December 2012 Plaintiff obtained a copy of his Experian consumer credit report and found DRSI had inquired into Plaintiff's Experian consumer credit report. EXHIBIT "A"

36. Experian is a "consumer reporting agency" within the meaning of the FCRA 15 U.S.C. § 1681a(f).

37. Consumer report (hereinafter "consumer report") is defined as "consumer report" within the FCRA 15 U.S.C. § 1681a(d).

38. Based upon information and belief, prior to October 26, 2012, DRSI and Experian entered into a written subscriber agreement in which Experian agreed to, among other things, provide

---

[1] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[2] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

"consumer reports" (as said term is defined under the FCRA) to DRSI for certain permissible and lawful purposes described under the FCRA and set forth in said written subscriber agreement.

39. Upon best information and belief, User agreed and represented in its agreements with the various credit reporting agencies that User would request and use consumer reports which were obtained from Experian only for purposes which are lawful under the FCRA as defined under 15 U.S.C. § 1681b and **Consumer Financial Protection Bureau.** EXHIBIT "B"

40. Defendant, DSRI, attempted to collect an alleged but non-existing "debt", as defined in 15 U.S.C. § 1692a(5)

41. Based on information and belief, on or around October 26, 2012, DRSI requested, obtained and used Plaintiff's consumer report from Experian and Experian provided (by computer or otherwise) Plaintiff's consumer report to DRSI. EXHIBIT "B"

42. Based on information and belief, DRSI **did not** have a lawful purpose for requesting, obtaining and using Plaintiff's consumer report from Experian, and therefore DRSI's request, acquisition and use of Plaintiff's consumer report was in violation of the FCRA. EXHIBIT B'

43. DRSI's failure to comply with the FCRA when it requested, obtained and used the plaintiff's consumer report was negligent, as contemplated under 15 U.S.C. § 1681o of the FCRA. As a result of said conduct by DRSI, Plaintiff has been damaged.

44. In the alternative, DRSI 's failure to comply with the FCRA when it requested, obtained and used the plaintiff's consumer report was willful, as contemplated under 15 U.S.C. § 1681n of the FCRA. As a result of this conduct by DRSI, Plaintiff has been damaged.

45. In the alternative, DRSI 's request for, acquisition of and use of the Plaintiff's consumer report constituted the knowing and willful receipt of information on a "consumer" (as said

term is defined under the FCRA) from a consumer reporting agency under false pretenses, as contemplated under 15 U.S.C. § 1681n and § 1681q of the FCRA. As a result of this conduct by DRSI, Plaintiff has been damaged.

46. Plaintiff has no business relationship with DRSI according to 15 USC § 1692a(5).

47. Defendants were required pursuant to FCRA 15 USC § 1681q, 1681n and 1681o to refrain from obtaining consumer reports from credit reporting agencies under false pretenses.

48. At no time material hereto did Plaintiff ever have a relationship of any kind with DRSI as defined under FCRA 15 UCS § 1681b(3)(A)-(E).

49. Plaintiff has never knowingly given written instructions to DRSI to obtain and/or release to a third party a consumer report of which Plaintiff was the subject; nor has DRSI ever been ordered by a court of competent jurisdiction to issue a consumer report pursuant to FCRA 15 USC § 1681b(1).

50. DRSI had an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer reports.

51. Reasonable procedures for users include restricting the ability of its agents to obtain consumer reports on consumers for any impermissible purpose.

52. Upon best information and belief, Defendants' illegal and surreptitious acquisition of Plaintiff's credit reports derived from an interest and priority well beyond the scope of the FCRA.

53. On or about October, 2012 Plaintiff begin receiving calls to his cellular telephone which was but not limited to 800-886-8088 and 214-774-0632 from Defendant DRSI until or at least January, 2013, (24) twenty four times. EXHIBIT "C'

54. Defendant DRSI called on or about 10-26-12 at about 2:17 pm, using 800-866-8088 to Plaintiff's cell phone without prior permission or for emergency purposes.

55. Defendant DRSI called on or about 10-26-12 at about 2:18 pm, using 800-866-8088 to Plaintiff's cell phone without prior permission or for emergency purposes.

56. Defendant DRSI called on or about 10-29-12 at about 01:52 pm, using 800-866-8088 to Plaintiff's cell phone without prior permission or for emergency purposes.

57. Defendant DRSI called on or about 10-29-12 at about 1:52 pm, using 800-866-8088 to Plaintiff's cell phone without prior permission or for emergency purposes.

58. Defendant DRSI called on or about 10-26-12 at about 2:17 pm, using 800-866-8088 to Plaintiff's cell phone without prior permission or for emergency purposes.

59. Defendant DRSI called on or about 11-02-12 at about 12:20 pm, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

60. Defendant DRSI called on or about 11-05-12 at about 2:10 pm, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

61. Defendant DRSI called on or about 11-06-12 at about 3:45 pm, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

62. Defendant DRSI called on or about 11-08-12 at about 2:03 pm, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

63. Defendant DRSI called on or about 11-12-12 at about 4:03 pm, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

64. Defendant DRSI called on or about 11-20-12 at about 9:23 am, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

65. Defendant DRSI called on or about 11-27-12 at about 11:26 pm, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

66. Defendant DRSI called on or about 11-28-12 at about 10:49 am, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

67. Defendant DRSI called on or about 11-29-12 at about 08:06 am, using 800-866-8088 to Plaintiff's cell phone without prior permission or for emergency purposes.

68. Defendant DRSI called on or about 11-29-12 at about 08:07 am, using 800-866-8088 to Plaintiff's cell phone without prior permission or for emergency purposes.

69. Defendant DRSI called on or about 12-06-12 at about 11:30 am, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

70. Defendant DRSI called on or about 12-07-12 at about 2:25 pm, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

71. Defendant DRSI called on or about 12-17-12 at about 9:36 am, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

72. Defendant DRSI called on or about 01-02-13 at about 9:20 am, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

73. Defendant DRSI called on or about 01-04-13 at about 8:34 am, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

74. Defendant DRSI called on or about 01-07-13 at about 8:28 am, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

75. Defendant DRSI called on or about 01-10-13 at about 9:20 am, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

76. Defendant DRSI called on or about 01-14-13 at about 11:22 am, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

77. Defendant DRSI called on or about 01-16-13 at about 8:51 am, using 214-774-0631 to Plaintiff's cell phone without prior permission or for emergency purposes.

78. On or about October, 2012 until but not limited to January 2013 Defendant ("DRSI") called Plaintiff's cell phone without prior permission or for emergency purposes.

79. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

80. Upon information and belief, DRSI employs an automatic telephone dialing system (ATDS) which meets the definition set forth in 47 U.S.C. § 227(a)(1) TCPA.

81. Defendant's calls to Plaintiff's cellular telephone were not for emergency purposes.

82. Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular telephone with an ATDS.

83. On more than one occasion DRSI called Plaintiff's cellular telephone number multiple times in one day in violation of 15 U.S.C. § 1692d(5);

84. DRSI called Plaintiff, cell phone causing Plaintiff stress and anxiety, which was an annoyance, and harassment to Plaintiff, which were the natural consequences of the conduct DRSI engaged in, and was a violation of 15 USC § 1692d.

85. Defendant (DRSI) called Plaintiff in a manner as to cause the phone to ring within the meaning of 15 USC § 1692d.

86. Systemic practices using automated technology to repeatedly cause unwanted contacts to Plaintiff for the purposes of harassing and oppressing him into payment.

87. Defendant communicated with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff in violation of 15 U.S.C. § 1692c(1), § 1692c(3);

88. The communications in question here are all related to the collection of a consumer debt.

89. The acts alleged herein all took place in Cook County, in that the offending calls were received there.

90. Plaintiff has no prior or present established relationship with Defendants DRSI.

91. Plaintiff has never given DRSI express permission to call Plaintiff's cellular phone.

92. Plaintiff did not furnish his cell phone number to DRSI. EXHIBIT "D"

93. Plaintiff denies ever having established any business relationship, or contractual agreement for credit, loans, or services with DRSI.

94. Each Defendant actively participated in the acts or omissions which are the subject of this suit and DRSI sought to benefit from the actions alleged in this complaint.

95. DRSI has never provided any signed verification, validation or accounting of any alleged account.

96. DRSI under FDCPA § 1692g Failure to send the consumer a 30-day validation notice within five days of the initial communication.

97. The numerous and repeated calls to Plaintiff's cellular telephone violated FDCPA § 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged but non-existent debt.

98. Plaintiff has never had any business dealings with or any accounts with, made application for, credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from DRSI.

99. On or about October 10, 2013 Plaintiff sent a "**Notice of Intent to Litigate**" letter to Defendants DRSI via USPS Certified mail.

100.    On or around October 31, 2013 DRSI emailed Plaintiff admitting that "You provided JPMC with your cell number as a point of contact. EXHIBIT "D"

101.    Plaintiff has attempted to provide Defendants the opportunity to cure said egregious behavior to no avail.

102.    Many of Defendants herein described actions were highly offensive to a reasonable person, or in the alternative, some of these actions were offensive to a reasonable person.

103.    Plaintiff brings this action to enforce his rights, be free of such abuse, oppression, and harassment under both state and federal law.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692, BY DEFENDANTS DRSI, AND DOES 1 THRU 5 FAILURE TO SEND THE CONSUMER A 30-DAY VALIDATION NOTICE WITHIN FIVE DAYS OF THE INITIAL COMMUNICATION.**

104.    Paragraphs 1 through 103 are re-alleged as though fully set forth herein.

105.    Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

106.    Defendant ("DRSI") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

107.    The FDCPA requires that a "debt collector" send the consumer a 30-day validation notice within five days of the initial communication under the FDCPA § 1692g.

108.    DRSI and John Does 1 thru 5 did violate 15 U.S.C. § 1692g by failing to send Plaintiff a 30-day validation notice within five days of the initial communication.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment for damages against DRSI

and Does 1 thru 5 individually, for statutory damages of $1,000.00, and for actual damages as

they may appear, any attorney's fees and Court costs pursuant to 15 U.S.C. § 1692k.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICIES ACT, 15 U.S.C. §1692, BY DEFENDANTS DRSI, AND DOES 1 THRU 5 IN ANY UNFAIR OR UNCONSCIONABLE MEANS TO COLLECT OR ATTEMPT TO COLLECT THE ALLEGED DEBT.

109.    Paragraphs 1 through 108 are re-alleged as though fully set forth herein.

110.    Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

111.    Defendant ("DRSI") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

112.    Defendant DRSI a "debt collector" is prohibited from any unfair or unconscionable

means to collect or attempt to collect the alleged debt under FDCPA 15 USC § 1692f.

113.    **The FDCPA broadly prohibits unfair or unconscionable collection methods,**

**conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or**

**misleading statements, in connection with the collection of a debt.**[3]

114.    Defendant DRSI and John Does 1 thru 5 did violate 15 U.S.C. § 1692f by failing to send

Plaintiff a 30-day validation notice within five days of the initial communication.

---

[3] The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment for damages against DRSI and John Does 1 thru 10 individually, for statutory damages of $1,000.00, and for actual damages as they may appear, any attorney's fees and Court costs pursuant to 15 U.S.C. § 1692k.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICIES ACT, 15 U.S.C. §1692, BY DEFENDANTS DRSI AND DOES 1 THRU 5 WILLFUL NON-COMPLIANCE FAILURE TO SEND THE CONSUMER A 30-DAY VALIDATION NOTICE WITHIN FIVE DAYS OF THE INITIAL COMMUNICATION.

115.    Paragraphs 1 through 114 are re-alleged as though fully set forth herein.

116.    Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

117.    Defendant DRSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

118.    Defendant has demonstrated willful or knowing non-compliance with 15 U.S.C. § 1692f,

by not sending Plaintiff a 30-day validation notice within five days of the initial communication.

119.    Defendant DRSI and John Does 1 thru 5 did violate 15 U.S.C. § 1692g, 1692g(a)(1),

1692g(a)(2), 1692g(a)(3), 1692g(a)(4), 1692g(a)(5).

120.    Defendant DRSI and John Does 1 thru 5 did violate 15 U.S.C. § 1692f as a result.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment for damages against DRSI and John Does 1 thru 10 individually, for statutory damages of $1,000.00, and for actual damages as they may appear, any attorney's fees and Court costs pursuant to 15 U.S.C. § 1692k.

## COUNT IV

## VIOLATIONS OF THE TELPEHONE COMMUNICATIONS PRACTICES ACT (TCPA), 47 U.S.C. §227(b)(1)(A) (iii) BY DEFENDANTS DRSI AND JOHN DOES 1 THRU 5 WILLFUL NON-COMPLIANCE TWENTY FOUR TIMES.

**121.**   Plaintiff re-alleges 1 through 120 as though fully set forth herein.

**122.**   Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C.

§227(b)(1)(A) **(iii)** by using an automatic telephone dialing system to call Plaintiff's cell

phone 24 twenty four times.

**123.**   Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C.

§227(b)(1)(A)(iii) by calling the Plaintiff's phone number, which is assigned to a cellular

telephone service contrary 47 U.S.C. **§227(b)(1)(A)(iii)** which states in part;

(1) **PROHIBITIONS.**—it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone

service, specialized mobile radio service, or other radio common carrier

service, or any service for which the called party is charged for the call;...

**124.**   The TCPA provides **a private right of action** as stated in 47 U.S.C. § 227(b)(3):

**A person or entity may, if otherwise permitted by the laws or rules of court of a State,**

**bring in an appropriate court of that State–**

(A) **an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

(B) **an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

(C) **both such actions.**

If the Court finds that the defendant willfully or knowingly violated this

subsection or the regulations prescribed under this subsection, the court may, in

its discretion, increase the amount of the award to an amount equal to not more

than 3 times the amount available under the subparagraph (B) of this paragraph.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment for statutory damages as they may

appear pursuant to 47 U.S.C. §227(b)(3), and any fees and costs this courts deems just.

## COUNT V

## VIOLATIONS OF THE TELPEHONE COMMUNICATIONS PRACTICES ACT (TCPA), 47 U.S.C. § 227(b)(2)(5) BY DEFENDANTS DRSI AND JOHN DOES 1 THRU 5

125.    Plaintiff alleges and incorporates the information in paragraphs 1 through 124.

126.    Defendants have demonstrated willful or knowing non-compliance with 47 U.S.C.

§227(b)(2)(5) by calling the Plaintiff's phone number, more than once during a 12 month

period.

127.    Defendants called the Plaintiff's cellular phone, contrary to 47 U.S.C. §227(b)(2)(5).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant, pursuant to 47 U.S.C. § 227(b)(3)(A)(B)(C), in the amount of $500.00 for the first

call and $1,500.00 per call for each and every successive call thereafter as knowing and or

willful violations of the TCPA and any fees and costs this courts deems just.

Complaint for FCRA, FDCPA, and TCPA Page 16 of 20

## COUNT VI

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, NEGLIGENCE BY DRSI AND JOHN DOES 1 THRU 5.

128. Paragraphs 1 through 127 are re-alleged as though fully set forth herein.

129. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

130. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

131. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

132. Defendants DRSI and John Does are "User" of information as defined by 15 U.S.C. § 1681m.

133. Pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

134. As a result of Defendants' negligent failure to comply with the FCRA, defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of said failure and (ii) the costs of this action together with reasonable attorneys' fees.

135. Plaintiff is afforded civil liability for willful noncompliance under 15 U.S.C. § 1681n.

136. Defendants DRSI and John Does 1 thru 5 did violate 15 U.S.C. §1681b by

impermissible accessing Plaintiffs Experian consumer credit report.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment for damages against DRSI and Does 1 thru 5 individually, for statutory damages of $1,000.00, and for actual damages as they may appear, any attorney's fees and Court costs pursuant to 15 U.S.C. § 1692k.

## COUNT VII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681q UNDER FALSE PRETENSES, BY DRSI AND JOHN DOES 1 THRU 5.

137.   Plaintiff alleges and incorporates the information in paragraphs 1 through 136.

138.   Defendants/User willfully and/or negligently violated the provisions of the FCRA in the

following respects:

a.   User has falsely, purposely, surreptitiously and maliciously obtained the Plaintiff's

credit reports in violation of FCRA § 1681q.

b.   User has falsely, purposely, surreptitiously and maliciously obtained the Plaintiff's

credit reports in violation of FCRA § 1681n.

c.   User has obtained the Plaintiff's credit reports in violation of FCRA § 1681o.

**139.**   Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any

requirement imposed under the FCRA with respect to any consumer is liable to that

consumer in an amount equal to the sum of  (i) any actual damages sustained by the

consumer as a result of the failure or damages not less than $100 and not more than

$1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case

of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the

action together with reasonable attorneys' fees.

140. As a result of defendants' willful failure to comply with the FCRA, Defendants are liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable fees.

141. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section § 1693a of this title. (2) the term "account" means a demand deposit, savings deposit, or other asset account **(other than an occasional or incidental credit balance in an open end credit plan** as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

142. **The definition of "account" clearly does not include an account such as a credit card open end credit account but does include a demand deposit account, savings deposit or other asset account.**

143. At no time did Plaintiff give his consent for "DRSI" to acquire his credit report from Experian credit reporting agency under 15 U.S.C. §1681b(f).

PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment for damages against DRSI and John Does 1 thru 5 individually, for statutory damages of $1,000.00, and for actual damages as they may appear, any fees and Court costs pursuant to 15 U.S.C. § 1692k,

and any all other relief to which Plaintiff may be entitled, including the right to amend this

Complaint to add additional claims and/or additional parties after conducting appropriate

discovery.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: 12/27/2013

Respectfully Submitted,

Sam Harmon
3216 186th
Homewood, Illinois 60430
marimichae@aol.com

Service to:
Dynamic Recovery Services, Inc.
4202 McEwen RD Suite 150
Farmers Branch, TX. 75244
Registered Agent: Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, Illinois 62703

Exhibit "A"



**:::::Experian**
A world of insight

Prepared for: **SAM HARMON-3**
Date: **September 06, 2013**
Report number: **0357-5302-40**

Page 6 of 8

## Record of requests for your credit history
We make your credit history available to your current and prospective creditors and
employers as allowed by law. Experian may list these inquiries for up to two years.

*Inquiries shared with others*
The section below lists all of the companies that have requested your credit information
as a result of an action you took, such as applying for credit or financing or as a result
of a collection. The inquiries in this section are shared with companies that receive
your credit history.

Examples of inquiries shared with others include:
- a real estate loan
- a home mortgage loan
- an auto loan
- an application for credit



Date
Reason
Unspecified

No phone number available
Address Identification number:

**DYNAMIC RECOVERY SERVICE**
4101 MCEWEN RD
FARMERS BRANCH TX 75244
No phone number available
Address Identification number:
0536793268

Date
Oct 26, 2012
Reason
Unspecified. This inquiry is scheduled to
continue on record until Nov 2014.

*Inquiries shared only with you*
You may not have initiated the following inquiries, so you may not recognize each
source. We report these requests to you only as a record of activities, and we do not
include any of these requests on credit reports to others.

We offer credit information about you to those with a permissible purpose, such as:
- other creditors who want to offer you preapproved credit;
- an employer who wishes to extend an offer of employment;
- a potential investor in assessing the risk of a current obligation;

- Experian Consumer Assistance to process a report for you;
- your current creditors to monitor your accounts (date listed may reflect only the most
  recent request).

These inquiries DO NOT affect your credit score.

No phone number available

00   ALLEN TX 75013
No phone number available
Date of inquiry: Oct 04, 2012; Sep 25, 2012; Nov 11, 2010; Oct 20, 2008; Sep 15,
2006

No phone number available

No phone number available

No phone number available

No phone number available
Date of inquiry: Aug 03, 2011

EXPERIAN  PO BOX 2002   ALLEN TX 75013
No phone number available
Date of inquiry: Mar 31, 2010

EXPERIAN  PO BOX 9600   ALLEN TX 75013
No phone number available
Date of inquiry: Sep 15, 2006

0024864741

Exhibit "A"


*Exhibit "B"*

**All users of consumer reports must comply with all applicable regulations. Information about applicable regulations currently in effect can be found at the Consumer Financial Protection Bureau's website, www.consumerfinance.gov/learnmore.**

### NOTICE TO USERS OF CONSUMER REPORTS:
### OBLIGATIONS OF USERS UNDER THE FCRA

The Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681-1681y, requires that this notice be provided to inform users of consumer reports of their legal obligations. State law may impose additional requirements. The text of the FCRA is set forth in full at the Consumer Financial Protection Bureau's (CFPB) website at www.consumerfinance.gov/learnmore. At the end of this document is a list of United States Code citations for the FCRA. Other information about user duties is also available at the CFPB's website. **Users must consult the relevant provisions of the FCRA for details about their obligations under the FCRA.**

The first section of this summary sets forth the responsibilities imposed by the FCRA on all users of consumer reports. The subsequent sections discuss the duties of users of reports that contain specific types of information, or that are used for certain purposes, and the legal consequences of violations. If you are a furnisher of information to a consumer reporting agency (CRA), you have additional obligations and will receive a separate notice from the CRA describing your duties as a furnisher.

## I. OBLIGATIONS OF ALL USERS OF CONSUMER REPORTS

### A. <u>Users Must Have a Permissible Purpose</u>

Congress has limited the use of consumer reports to protect consumers' privacy. All users must have a permissible purpose under the FCRA to obtain a consumer report. Section 604 contains a list of the permissible purposes under the law. These are:

- As ordered by a court or a federal grand jury subpoena. <u>Section 604(a)(1)</u>
- As instructed by the consumer in writing. <u>Section 604(a)(2)</u>
- For the extension of credit as a result of an application from a consumer, or the review or collection of a consumer's account. <u>Section 604(a)(3)(A)</u>
- For employment purposes, including hiring and promotion decisions, where the consumer has given written permission. <u>Sections 604(a)(3)(B) and 604(b)</u>
- For the underwriting of insurance as a result of an application from a consumer. <u>Section 604(a)(3)(C)</u>
- When there is a legitimate business need, in connection with a business transaction that is <u>initiated</u> by the consumer. <u>Section 604(a)(3)(F)(i)</u>
- To review a consumer's account to determine whether the consumer continues to meet the terms of the account. <u>Section 604(a)(3)(F)(ii)</u>
- To determine a consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status. <u>Section 604(a)(3)(D)</u>
- For use by a potential investor or servicer, or current insurer, in a valuation or assessment of the credit or prepayment risks associated with an existing credit obligation. <u>Section 604(a)(3)(E)</u>
- For use by state and local officials in connection with the determination of child support payments, or modifications and enforcement thereof. <u>Sections 604(a)(4) and 604(a)(5)</u>

In addition, creditors and insurers may obtain certain consumer report information for the purpose of making "prescreened" unsolicited offers of credit or insurance. Section 604(c). The particular obligations of users of "prescreened" information are described in Section VII below.

### B. <u>Users Must Provide Certifications</u>

Section 604(f) prohibits any person from obtaining a consumer report from a consumer reporting agency (CRA) unless the person has certified to the CRA the permissible purpose(s) for which the report is being obtained and certifies that the report will not be used for any other purpose.

### C. <u>Users Must Notify Consumers When Adverse Actions Are Taken</u>

*Exhibit "B"*

Exhibit "C"

| Account Number | Billing Period | Page |
| --- | --- | --- |
| 288710518 | 10/07/12-11/06/12 | A3 of 4 |
| Account Name | Invoice Date | Invoice Number |
| HARMON | November 10, 2012 | 288710518-12B |

## Sprint

### 🏛 Cellular Services Call Detail

| No. | Date | Time | Call To | Number | Footnote (See pg. 2) | Min:Sec | Usage | *Long Dist./ Other | Total Charges |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | PP | 5:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 7:00 | 0.00 | 0.00 | 0.00 |
| 2 | | | | | | 2:00 | 0.00 | 0.00 | 0.00 |
| 2 | | | | | | 5:00 | 0.00 | 0.00 | 0.00 |
| 27 | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| 27 | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| 27 | | | | | | 7:00 | 0.00 | 0.00 | 0.00 |
| 27 | | | | | | 17:00 | 0.00 | 0.00 | 0.00 |
| 2 | | | | | | 13:00 | 0.00 | 0.00 | 0.00 |
| 277 | 10 | | | | | 2:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 61:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 5:00 | 0.00 | 0.00 | 0.00 |
| 280 | t | | | | | 61:00 | 0.00 | 0.00 | 0.00 |
| 281 | | | | | PP | 1:00 | 0.00 | 0.00 | 0.00 |
| 282 | | | | | | 2:00 | 0.00 | 0.00 | 0.00 |
| 283 | | | | | | 4:00 | 0.00 | 0.00 | 0.00 |
| 28 | | | | | | 19:00 | 0.00 | 0.00 | 0.00 |
| 28 | | | | | PP | 6:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| 288 | | | | | | 3:00 | 0.00 | 0.00 | 0.00 |
| 289 | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| 29 | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| 291 | 10/26 | 12:16P | CHICAGO, IL | | PP | 2:00 | 0.00 | 0.00 | 0.00 |
| 292 | 10/26 | 02:17P | Incoming | 800-886-8088 | PP | 1:00 | 0.00 | 0.00 | 0.00 |
| 293 | 10/26 | 02:18P | Incoming | 800-886-8088 | PP | 1:00 | 0.00 | 0.00 | 0.00 |
| 294 | 10/26 | 02:48P | Incoming | 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 | PP | 1:00 | 0.00 | 0.00 | 0.00 |
| 295 | 10/26 | 02 | | | PP | 1:00 | 0.00 | 0.00 | 0.00 |
| 296 | | | | | PP | 1:00 | 0.00 | 0.00 | 0.00 |
| 297 | | | | | PP | 1:00 | 0.00 | 0.00 | 0.00 |
| 298 | | | | | PP | 1:00 | 0.00 | 0.00 | 0.00 |
| 299 | | | | | PP | 4:00 | 0.00 | 0.00 | 0.00 |
| 300 | | | | | OP | 24:00 | 0.00 | 0.00 | 0.00 |
| 301 | | | | | OP | 1:00 | 0.00 | 0.00 | 0.00 |
| 302 | | | | | OP | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | OP | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 2:00 | 0.00 | 0.00 | 0.00 |
| 306 | 10/29 | 10:59A | CHICAGO, IL | | | 1:00 | 0.00 | 0.00 | 0.00 |
| 307 | 10/29 | 01:52P | Incoming | 800-886-8088 | PP | 4:00 | 0.00 | 0.00 | 0.00 |
| 308 | 10/29 | 01:52P | Incoming | 800-886-8088 | PP | 1:00 | 0.00 | 0.00 | 0.00 |
| 308 | 10/29 | 02:34P | Incoming | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | IL | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 7:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 2:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 38:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 4:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 28:00 | 0.00 | 0.00 | 0.00 |

Continued...

Exhibit "C"

773-908-0842, HARMON

| Account Number | Billing Period | Page |
| --- | --- | --- |
| 288710518 | 10/07/12-11/06/12 | A4 of 4 |
| Account Name | Invoice Date | Invoice Number |
| HARMON | November 10, 2012 | 288710518-128 |

**Sprint**

### Cellular Services Call Detail

| No. | Date | Time | Call To | Number | Footnote (See pg. 2) | Min:Sec | Usage | *Long Dist./ Other | Total Charges |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | 12:11P | Incoming | | | | | | |
| 378 | 11/02 | 12:20P | Incoming | 214-774-0631 | PP | 1:00 | 0.00 | 0.00 | 0.00 |
| 379 | 11/02 | 12:54P | Incoming | | PP | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 4:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | OP | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 2:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 4:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 13:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 6:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 6:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 5:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 3:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 6:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 5:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 3:00 | 0.00 | 0.00 | 0.00 |
| 397 | 11/05 | 01:04P | Incoming | | | 22:00 | 0.00 | 0.00 | 0.00 |
| 398 | 11/05 | 02:00P | Incoming | | | 19:00 | 0.00 | 0.00 | 0.00 |
| 399 | 11/05 | 02:10P | Incoming | 214-774-0631 | PP | 1:00 | 0.00 | 0.00 | 0.00 |
| 400 | 11/05 | 06:00P | Toll Free Call | | | 1:00 | 0.00 | 0.00 | 0.00 |
| 401 | 11/05 | 06:00 | | | PP | 1:00 | 0.00 | 0.00 | 0.00 |
| 40 | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| 40 | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| 40 | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 1:00 | 0.00 | 0.00 | 0.00 |
| 408 | 11/08 | 03: | | | | 22:00 | 0.00 | 0.00 | 0.00 |
| 409 | 11/06 | 03:45P | Incoming | 214-774-0631 | PP | 2:00 | 0.00 | 0.00 | 0.00 |
| 410 | 11/06 | 04:02P | Incoming | | | 1:00 | 0.00 | 0.00 | 0.00 |
| 411 | 11/06 | 04:22P | CHICAGO, IL | | | 3:00 | 0.00 | 0.00 | 0.00 |
| 412 | 11/06 | 05:06P | Incoming | | | 2:00 | 0.00 | 0.00 | 0.00 |
| 413 | 11/06 | 05:54P | ORLAND, IL | | | 4:00 | 0.00 | 0.00 | 0.00 |
| 414 | 11/06 | 06:19P | CHICAGO, IL | | | 2:00 | 0.00 | 0.00 | 0.00 |
| 415 | 11/06 | 06:57P | ORLAND, IL | | | 2:00 | 0.00 | 0.00 | 0.00 |
| | | | | | | 2:00 | 0.00 | 0.00 | 0.00 |
| **Total Cellular Services Charges** | | | | | | **2421:00** | **$0.00** | **$0.00** | **$0.00** |

*Long Distance/Other column includes any Long Distance, Directory Assistance (411), and Out of Area charges.
*Total minutes used may not be the same across all invoice sections due to the presence of non-chargeable calls.

Exhibit D

**From:** R. Davidson <rdavidson@drsinc.us>
**To:** marimichae <marimichae@aol.com>
**Subject:** RE: Your notice of intent to litigate-reply
**Date:** Thu, Oct 31, 2013 9:21 am

Good morning Mr. Harmon,

You have no case.  You provided JPMC with your cell number as a point of contact.   I can provide additional information if you wish to call.   Your should file your suit.   We will respond appropriately.

*Thanks,*

*Raymond O. Davidson III*

*Chief of Staff*

*Dynamic Recovery Services, Inc.*

(800) 886-8088  Ext 2262

Cell (469) 328-9525

*This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.*

**From:** marimichae@aol.com [mailto:marimichae@aol.com]
**Sent:** Thursday, October 31, 2013 9:13 AM
**To:** rdavidson@drsinc.us
**Subject:** Re: Your notice of intent to litigate-reply

Dynamic Recovery Services, Inc.

Raymond O. Davidson III

Chief of Staff

Dear Mr. Davidson,

Thank you for responding to my Notice of Intent to Litigate.

 I am happy to see that your company DRSI decided to communicate back to me with someone that can negotiate a settlement as a appose to someone further down the line. With that said, I have no problem in having settlement discussions via email so that I may have a record of any and all proposal's and or rebuttals made. I would appreciate your impute.

Please give me an idea of what you would like to discuss and we can proceed from there.